UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST ADMINISTRATORS, INC.,<br><br>                    Plaintiff,<br><br>    v.<br><br>REVENANT TRUCKING LLC,<br><br>                    Defendant. | CASE NO. 2:24-cv-01403-JNW<br><br>ORDER GRANTING MOTION FOR DEFAULT JUDGMENT |

This matter comes before the Court on Plaintiff's Motion for Default Judgment. (Dkt. No. 9.) Having reviewed the Motion and all supporting materials, the Court GRANTS the Motion and ENTERS DEFAULT JUDGMENT in Plaintiff's favor on the terms set forth below.

**BACKGROUND**

Plaintiff Northwest Administrators Inc., the authorized administrative agent for and the assignee of the Washington Teamsters Welfare Trust Fund ("Fund"), brought this action to collect unpaid employee benefit contributions and other amounts due from Defendant Revenant

Trucking LLC for work performed by its employees who are members of a bargaining unit of the Local 174 of the International Brotherhood of Teamsters ("Local"). (Declaration of Russell Reid ¶ 2 (Dkt. No. 9); Complaint (Dkt. No. 1).) Plaintiff brought the claims under 29 U.S.C. § 1132(e)(1) & (f) and 29 U.S.C. § 185(a). Plaintiff alleges that Revenant is bound to a collective bargaining agreement that requires monthly contributions for each employee who is a member of the bargaining unit of the Local. (Compl. ¶ V.) It also requires payment of liquidated damages of 20% of all delinquent contributions and interest at varying annual rates. (Compl. ¶ VI; Reid Decl. Ex. B.) Revenant has submitted remittance reports to Plaintiff showing that it owes the Fund $2,086.67 for the period of May 2024 through June 2024, liquidated damages totaling $417.33, and interest through June 25, 2025, in the amount of $168.60. (Reid Decl. ¶ 12; Declaration of John Mowery (Dkt. No. 11) ¶¶ 11-12 & Exs. D & E.) Now that the Court found Revenant in default (Dkt. No. 6), Plaintiff asks for default judgment in these amounts, as well as an award of $739.20 in attorneys' fees and $686.88 in costs. (See Reid Decl. ¶ 14.)

## ANALYSIS

A court's decision to enter a default judgment is discretionary. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). Default judgment is "ordinarily disfavored," because courts prefer to decide "cases on their merits whenever reasonably possible." Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). When considering whether to exercise discretion in entering default judgments, courts may consider a variety of factors, including:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of a plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure.

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT - 2

Id. at 1471-72. Courts reviewing motions for default judgment must accept the allegations in the complaint as true, except facts related to the amount of damages. Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977).

As an initial matter, the Court finds that it has jurisdiction over this action pursuant to 29 U.S.C. §§ 1132(f), and 29 U.S.C. § 185. The Court also finds that venue is proper under 29 U.S.C. § 1132(e)(2) and 29 U.S.C. § 185(a) because Plaintiff is located in this District.

The Court finds that the Eitel factors weigh in favor of entry of default judgment. First, without an order granting default judgment, Plaintiff and its ultimate beneficiaries may be denied benefits to which they are due. Second, Plaintiff has presented cogent allegations, which the Court accepts as true, that Revenant failed to timely and fully pay benefits as required under the collective bargaining agreement. Third, the Complaint is adequately drafted and sets forth the basis for relief. Fourth, the amount of money at stake is clearly identified in the Motion for Default Judgment. Fifth, the current allegations do not appear to be subject to a dispute of fact. Sixth, there does not appear to be any basis to find excusable neglect given Revenant's decision not to participate in this action despite being properly served. Seventh, while the Federal Rules favor a decision on the merits, the Court finds that absent a default judgment Plaintiff will be stymied in its efforts to vindicate its rights and protect the rights of the covered workers to obtain full benefits. On balance, the Court finds that the Eitel factors weigh in favor of entry of default judgment.

As to the substance of the requested default judgment, the Court finds adequate support for the requested amounts. (See Mowery Decl.) Specifically, the Court finds Revenant owes and the following amounts to Plaintiff: (1) $2,086.67 for the period of April 2024 through June 2024,

(2) liquidated damages totaling $417.33, and (3) interest through October 8, 2024 in the amount of $168.60. (Reid Decl. ¶ 12; Mowery Decl. ¶ 11 & Ex. E.)

The Court also finds that Plaintiff is entitled to attorneys' fees and costs incurred to date. The Court assesses this request under the relevant criteria outlined in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70, abrogated on other grounds by City of Burlington v. Dague, 505 U.S. 557 (1992):

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Id. Plaintiff has supported each of these factors in a declaration from counsel. (See generally Reid Decl.) The Court finds this evidence persuasive that the hours expended, the costs incurred, and the hourly rates requested are reasonable. Given the records provided, the Court awards Plaintiff $739.20 in attorneys' fees and $686.88 in costs. (See id.)

The clerk is ordered to provide copies of this order to all counsel.

Dated July 28, 2025.

Marsha J. Pechman
United States Senior District Judge